# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DEMETRIUS WELCH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:13-cv-389-WTL-DKL |
| | ) | |
| BRUCE LEMMON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Complaint
### and Directing Further Proceedings

Plaintiff Demetrius Welch is an inmate currently confined at the New Castle Correctional Facility. He brings this action pursuant to 42 U.S.C. § 1983 listing a variety of legal theories and actions based on circumstances that occurred at Wabash Valley Correctional Facility. He names the following defendants: Bruce Lemmon, Commissioner of the Indiana Department of Correction; Richard Brown, Superintendent, Wabash Valley Correctional Facility; Lee Hoefling, Executive Assistant Superintendent, Wabash Valley Correctional Facility; Karen Richards, Supervisor of Education, Wabash Valley Correctional Facility; Theresa Littlejohn, Grievance and Tort Executive Assistant Superintendent, Wabash Valley Correctional Facility; Brenda Hinton, Supervisor of the General and Law Library, Wabash Valley Correctional Facility; and Linda VanNatta, General Grievance Appeals Officer, Indiana Department of Correction. Welch seeks declaratory and injunctive relief and money damages.

Because Welch is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court must screen his amended complaint as required by 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show

that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Welch alleges the following claims: the defendants denied him assistance from the law library law clerk; the defendants were negligent in conducting a proper investigation of his grievance against a Department of Correction corrections officer, and that the defendants failed to redress his grievance within the grievance process and on appeal. He argues that the defendants' conduct violated his right to access the courts, his right to file and redress grievances, his right to due process and equal protection set forth in the Fifth and Fourteenth Amendments, and that this conduct violated the Eighth Amendment proscription against the imposition of cruel and unusual punishment.

The Court will address these claims in turn. First, Welch alleges that his right to access the courts was violated. "Prisoners have a fundamental right of access to the courts that prisons must facilitate by providing legal assistance." *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012).

However, "[t]he right of access . . . is not 'an abstract freestanding right to a law library or legal assistance.'" *Id.* at 661. To prevail on an access claim, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). "[T]he very point of recognizing any access claim is to provide effective vindication for a separate and distinct right to seek judicial relief for some wrong . . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002) ("[E]ven in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a 'nonfrivolous,' 'arguable' underlying claim." *Id.* at 415); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) ("[T]he mere denial of access to a prison library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access the courts, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction [or] sentence ... has this right been denied."). It is the plaintiff's responsibility to identify the claim for relief underlying the access-to-courts plea just as if it were being independently pursued. *Harbury*, 536 U.S. at 416-417. Here, in a nutshell, Welch claims that because of Department of Correction policy, the law clerk failed to help him remedy defects in his state court filings and failed to provide him "extended services" because he possesses a high school degree. These allegations fail to identify how the defendants' conduct created an inability for him to access the courts to challenge a conviction, sentence, or prison conditions. This claim must be dismissed for failure to state a claim.

Second, Welch alleges that the defendants prevented him from filing a grievance or to have his grievance redressed through the grievance system, and this violated his right to due process and equal protection set forth in the Fifth and Fourteenth Amendments. The failure of

prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The foregoing has been cited as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because Welch had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983). Again, to summarize Welch's claims, he alleges that defendant Littlejohn failed to adequately consider his grievance prior to denying it and defendant VanNatta simply "rubberstamped" Littlejohn's denial. His complaint that his grievance was not adequately considered does not state a claim for which relief may be sought.

Finally, Welch's claim that any of the alleged conduct violated the Eighth Amendment is also dismissed because conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). Welch's Eighth Amendment claim is based on his perception that he did not receive adequate library services which denied him access to the courts. However, these allegations do not even remotely suggest an Eighth Amendment deprivation. *Duran v. Elrod,* 760 F.2d 756, 759 (7th Cir. 1985) ("The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of "'genuine privations and hardship over an extended period of time.'") (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

The dismissal of the complaint shall not, in this action, result at this point in the dismissal of the action.

The plaintiff will be provided an opportunity to file an amended complaint. He shall have through **June 24, 2014,** in which to do so.

The plaintiff is **notified** that the amended complaint will completely replace and supersede the original complaint. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

> The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."
>
> The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances.
>
> The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

If no amended complaint is submitted, the action will be dismissed consistent with the discussion and ruling in this Entry. If an amended complaint is filed as directed, it too will be subject to screening pursuant to § 1915A.

IT IS SO ORDERED.

Date: ___05/22/2014_____

Distribution:

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Demitrius Leverette Welch
# 195390
1322 Audubon St.
Vincennes, Indiana 47591